36 F.3d 1099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Levi C. GARRETT, Defendant-Appellant.
 No. 94-1381.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 7, 1994.
Decided Sept. 23, 1994.
 
 Before CUMMINGS, BAUER and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 In October 1993 defendant Levi Garrett pled guilty to all five counts of a superseding indictment involving crack cocaine.[1] After a sentencing hearing, he was ordered to serve 210 months' imprisonment on each of the five counts, the sentences to be served concurrently. On appeal, defendant claims that Judge Gilbert's application of the Sentencing Guidelines was clearly erroneous and imposed in violation of law.
 
 Presentence report
 
 2
 Prior to the sentencing hearing, the government filed a presentence investigation report calculating defendant's offense level and criminal history as prescribed by the Sentencing Guidelines. The report set defendant's base offense level at 34, recommending no adjustments for defendant's role in the offense or for his acceptance of responsibility. The presentence report calculated the defendant's total criminal history points as three: his prior criminal convictions resulted in a subtotal criminal history score of one, while the fact that the defendant committed the instant offenses while on probation added two points. Three total criminal history points thus established a criminal history category of two under the sentencing table at U.S.S.G. Ch. 5, Part A. Finally, the probation officer indicated that no additional information concerning the offense or the offender warranted a departure from the prescribed Sentencing Guidelines.
 
 
 3
 Objections to presentence investigation report
 
 
 4
 Defendant objected to various paragraphs in the presentence report regarding the amounts of crack cocaine involved, stating that the appropriate base offense level should be 32 or lower. He further objected to the presentence report's failure to adjust the base offense level for acceptance of responsibility. At the sentencing hearing, defense counsel asked the court to sentence Garrett to 14 years, the minimum under the applicable Guidelines, instead of the 17- 1/2 years he ultimately received.[2]
 
 
 5
 At the close of the evidence presented at the sentencing hearing, Judge Gilbert stated that he did not believe defendant's testimony as to his non-involvement with the amounts of cocaine base that preceding witnesses had mentioned. The judge found defendant's relevant conduct to be 423.22 grams[3] of crack cocaine with an offense level of 34. Consequently the judge imposed the maximum 210 months' concurrent imprisonment on Counts 1 through 5.
 
 
 6
 District court's determination of a base offense level of 34
 
 
 7
 Defendant asserts that the district court's finding that his relevant conduct involved 443.22 grams of crack cocaine, which led the judge to set the base offense level at 34, was clearly erroneous on two grounds: (1) that the court considered hearsay testimony in violation of the Sixth Amendment Confrontation Clause; and (2) that the judge based his finding regarding defendant's relevant conduct on unscientific estimates as to the amounts of crack cocaine involved in the offense. We note at the outset that during the sentencing proceeding, defendant neither raised the Confrontation Clause argument nor challenged the methodology for calculating the amounts of crack cocaine at issue.
 
 
 8
 To the extent that he has not waived these challenges through failure to raise them before the district court, defendant's arguments still fail. The Commentary to U.S.S.G. Sec. 6A1.3 specifically provides that the sentencing court may consider relevant information, including reliable hearsay evidence, without regard to the rules of evidence. It is well settled in this Circuit that hearsay is an acceptable basis for a sentencing determination unless a defendant can show that the hearsay was not reliable. United States v. Smith, 3 F.3d 1088, 1100 (7th Cir.1993), certiorari denied, 114 S.Ct. 733. Moreover, at least eight circuits have concluded that the right to confront witnesses does not attach at sentencing hearings. United States v. Corbin, 998 F.2d 1377, 1385 n. 15 (7th Cir.1993), certiorari denied, 114 S.Ct. 1124. Eighth Circuit precedent to the contrary has been overruled. United States v. Wise, 976 F.2d 393, 401 (8th Cir.1992) (en banc ), certiorari denied, 113 S.Ct. 1592. In this case, defendant did not introduce any evidence in support of his bare assertion that the hearsay testimony was unreliable. The district court properly considered this testimony in ascertaining the base offense level.
 
 
 9
 Defendant's second argument, that the trial judge erred in basing his calculation on unreliable estimates of other defendants rather than on analytical evidence, also falls short. Appellate courts have consistently approved approximations of drug quantities made with less than mathematical exactitude. See, e.g., United States v. McMillen, 8 F.3d 1246, 1250-1251 (7th Cir.1993), certiorari denied, 114 S.Ct. 1649.
 
 
 10
 The trial judge's finding that defendant's conduct involved at least 423.32 grams of crack cocaine finds ample support in the evidence, considering that the court excluded some of the drugs testified to by witnesses. Accordingly, the judge's determination fixing defendant's base level at 34 is appropriate, particularly since this quantity of crack cocaine places defendant near the top of the 150-500 gram range of level 34.
 
 
 11
 Denial of decreases for acceptance of responsibility
 
 
 12
 The district court denied defendant a decrease of 2 levels for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a) and also denied a 1-level decrease under U.S.S.G. Sec. 3E1.1(b) for assisting in the investigation. In United States v. Corbin, 998 F.2d 1377, 1388 (7th Cir.1993), certiorari denied, 114 S.Ct. 1124, we held that pleading guilty to an offense does not necessarily entitle a defendant to an acceptance of responsibility reduction. As application note of U.S.S.G. Sec. 3E1.1(a) provides, a defendant does not qualify for acceptance of responsibility unless he truthfully admits the forbidden conduct. The district judge concluded that he did "not believe an ounce" of defendant's testimony regarding his non-involvement with the amount of cocaine base testified to by other witnesses. Under these circumstances he properly denied defendant a decrease of 2 levels for acceptance of responsibility. Since defendant did not qualify for a 2-level decrease, he was not eligible for a further 1-level decrease under U.S.S.G. Sec. 3E1.1(b).
 
 Denial of decrease for role in the offense
 
 13
 The district court refused to decrease defendant's offense level pursuant to U.S.S.G. Sec. 3B1.2. Defendant did not object to the presentence report advising against such a departure, either in his initial objections or at the sentencing hearing. Although defendant arguably covered this subject in his initial request for mitigation, defense counsel withdrew this objection at the sentencing hearing, and the issue is waived. United States v. Rosalez-Cortez, 19 F.3d 1210, 1220 (7th Cir.1994).
 
 Refusal to grant downward departure
 
 14
 The district court refused a downward departure, a decision which we have no jurisdiction to review absent an indication that the judge incorrectly believed he lacked authority to depart. United States v. Poff, 926 F.2d 588, 590-591 (7th Cir.1991), certiorari denied, 112 S.Ct. 96.
 
 Constitutionality of the Guidelines
 
 15
 Since defendant failed to attack the constitutionality of the Guidelines in the court below, the subject was waived. In any event, such an attack is without merit. United States v. Galloway, 951 F.2d 64 (5th Cir.1992); United States v. Simms, 18 F.3d 588, 595 (8th Cir.1994).
 
 
 16
 Judgment affirmed.
 
 
 
 [1]
 The statutory violations concerned 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(A)(iii), 841(b)(1)(B)(iii) and 846
 
 
 [2]
 Initially, defendant challenged the criminal history calculation, charging that it was cumulative. He also requested that the court consider several factors in mitigation, including (1) his assertedly minimal participation in the conspiracy, (2) his youth, (3) his acceptance of responsibility, and (4) his lack of prior drug convictions. At the sentencing hearing, however, defendant's counsel apparently withdrew both the objection to the criminal history report, admitting that the score was "correctly calculated," and the request for a downward departure based on these mitigating factors. These objections are thus not before this Court
 
 
 [3]
 The presentence report had stated that defendant's relevant conduct involved 447.11 grams whereas agent Holston arrived at 515 grams attributable to defendant